IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:20-cr-00181-HFS-02 |
| v. ) | |
| ) | |
| BRUCE E. ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

## ORDER RULING ON MOTION *IN LIMINE*

Defendant Bruce E. Alexander was charged—along with his co-defendant—in a two-count indictment with conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and with possession with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Indictment, ECF No. 1. Co-Defendant Terrence D. Gay ("Gay") previously pled guilty to both counts. Now before the Court is the Government's motion in limine to exclude statements Gay made to law enforcement and in his guilty plea, Mot., ECF No. 49. The motion is GRANTED.

On or about June 30, 2021, Defendant and Gay were both traveling in a rental car from California to Ohio via I-70. Missouri State Highway Patrol Trooper B.M. Ryun pulled over Defendant and Gay in Missouri. Trooper Ryun performed a search of the vehicle and recovered over 400 grams of fentanyl concealed in the vehicle. Trooper Ryun arrested both Defendant and Gay and transported them to a weigh station, where DEA Task Force Officer Martin Dye ("TFO Dye") mirandized them. Gay then agreed to speak with TFO Dye. Gay told Dye that he had made three prior trips to Los Angeles to pick up fentanyl and heroin for a drug trafficking organization.

Gay also stated that Defendant had never made the trip with him before and that Defendant did not know that Gay was transporting drugs. Resp. at 1–2, ECF No. 51; Reply at 2–3, ECF No. 68.

Gay was released on bond, and ultimately pled guilty—via video conference—to both counts without an agreement. Ex. 1, ECF No. 68-1. However, Gay did not surrender himself to the United States Marshal's Service and remains a fugitive from justice.

Defendant seeks to introduce Gay's statements to law enforcement and Gay's admission of the factual basis of his guilty plea for the purpose of a general denial. The Government seeks to exclude the statements made to Dye on hearsay grounds, and to exclude Gay's guilty plea under Rule 403.

Regarding Gay's statements during his guilty plea, the statements' probative nature is substantially outweighed by the guilty plea's tendency to mislead the jury or confuse the issues. *See* Fed. R. Evid. 403. In reciting the factual basis for his guilty plea, Gay merely affirmed the leading questions asked of him by his counsel. These were questions designed to establish a factual basis for each element of the crimes to which Gay pled guilty, not to give a detailed account of the crimes and of each participant thereof. *See* Gov. Ex. 1, ECF No. 68-1. The fact that Gay did not mention Defendant in the plea colloquy is of little probative value to whether Defendant participated in the conspiracy or possessed the fentanyl with intent to distribute. Further, introduction of Gay's plea to the same charges as Defendant has the potential to both mislead the jury that Defendant's guilt has already been determined or that certain elements of the crimes have already been established. *See also United States v. Morris*, 327 F.3d 760, 762 (8th Cir. 2003) (noting that exclusion of a plea agreement under Rule 403 is a matter of discretion for the trial court). The Government's motion is GRANTED in regard to Gay's guilty plea. The fact of Gay's guilty plea, as well as Gay's statements made during the course of his plea are not admissible.

Regarding Gay's statement to law enforcement that Defendant did not know what was in the vehicle and that Defendant did not know that Gay was transporting drugs, this statement may not be asserted for its truth. See Fed. R. Evid. 802. "For a statement to qualify under the Rule 804(b)(3) hearsay exception, [1] the declarant must be unavailable, [2] the statement must so far tend to subject the declarant to criminal liability that a reasonable person would not have made the statement unless he or she believed it to be true, and [3] corroborating circumstances must clearly indicate the trustworthiness of the statement." *United States v. Halk*, 634 F.3d 482, 489 (8th Cir. 2011). While the first requirement is met: Gay is a fugitive from justice and therefore is unavailable to testify at trial, *United States v. Chapman*, 345 F.3d 630, 632 (8th Cir. 2003), the statement regarding Defendant's culpability does not tend to subject Gay to criminal liability and lacks corroborating circumstances. It therefore does not meet the requirements for admission under Rule 804(b)(3).

The entirety of an unavailable declarant's narrative is not admissible under 804(b)(3) merely because "some portion of the narrative subjects the declarant to criminal liability." *United States v. Hazelett*, 32 F.3d 1313, 1317 (8th Cir. 1994) (citing *Williamson v. United States*, 512 U.S. 594 (1994)). Only the portions "which are not in and of themselves against the declarant's penal interest" are admissible under 804(b)(3). *Id.* While Gay's statements admitting to his role as a drug distributor and giving details of the drug trafficking organization are against his interest, his statements exculpating Defendant were not against Gay's own penal interest.

In addition, corroborating circumstances do not indicate the trustworthiness of Gay's statement. In determining the trustworthiness of a statement under Rule 804(b)(3), the Court considers

> (1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, (2) the general character of the speaker, (3) whether

3

other people heard the out-of-court statement, (4) whether the statement was made spontaneously, (5) the timing of the declaration and the relationship between the speaker and the witness.

*United States v. Rasmussen*, 790 F.2d 55, 56 (8th Cir. 1986).  Defendant and Gay are relatives, and thus Gay had motive to misrepresent that Defendant was unaware of the fentanyl and not involved in the drug trafficking organization.  Further, Gay's decision to flee from justice after he pled guilty does not speak well of his character.  Finally, Gay's statements exculpating Defendant do not appear to have been made spontaneously.  Gay changed his story three times, stating first that he and Defendant had been on vacation, then stating that Defendant was not involved, and finally attempting to persuade Defendant to cooperate with law enforcement.

        The Government's motion is GRANTED.

        **IT IS SO ORDERED.**

Date:  May 4, 2022          /s/ Greg Kays  
                                              GREG KAYS, JUDGE  
                                              UNITED STATES DISTRICT COURT